IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN WEIMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:20-cv-66 |
| ) | |
| KASH SUBSIDIARIES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, John Weimer, for his Complaint against Defendant, Kash Subsidiaries, Inc. ("Kash"), states the following:

### I. Parties

1.   Plaintiff is a resident of Fort Wayne, Indiana.

2.   Defendant, Kash Subsidiaries, is a business located in Fort Wayne, Indiana

### II. Jurisdiction and Venue

3.   This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

4.   This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

5.   Venue in the Northern District of Indiana, Fort Wayne Division, is appropriate by virtue Defendant doing business in this District.

### III.  Factual Allegations

6. Plaintiff began working for Defendant on July 2, 2019.

7. Plaintiff was an hourly employee of Defendant.

8. Defendant paid Plaintiff $13.00 per hour.

9. Defendant paid Plaintiff bi-monthly.

10. Defendant paid Plaintiff on 5th and 20th of the month.

11. Defendant illegally deducted monies from the wages of Plaintiff.

12. Plaintiff worked regular hours in a week for which he was not paid at least minimum wages.

13. Plaintiff was not paid in a timely fashion for minimum wages earned for work performed.

14. Plaintiff worked regular hours in a week for which he was not paid.

15. Plaintiff was not paid in a timely fashion for regular wages earned for the work performed.

16. Plaintiff complained to management about not being paid at least minimum wages for all hours worked.

17. Plaintiff's last day scheduled to work was May 4, 2019.

18. Defendant took Plaintiff off of the schedule after May 4, 2019 and would not put him back on the schedule.

19. Plaintiff was forced to quit since he was no longer permitted to work for Defendant.

20. Defendant constructively discharged Plaintiff by failing to put him on the work schedule.

21. Defendant constructively discharged Plaintiff in retaliation for his complaints about not being paid at least minimum wages for all of the hours that he worked.

22. On January 9, 2020, the Indiana Attorney General's Office in conjunction with the Indiana Department of Labor referred the wage claim of Plaintiff to the office of counsel for Plaintiff.

### III.   Cause of Action

**Count I**
**Failure to Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201** *et. seq.*

23. Plaintiff incorporates paragraphs 1 through 22 by reference herein.

24. Plaintiff was an employee of Defendant pursuant to the FLSA.

25. Plaintiff's work for Defendant involved interstate commerce.

26. Defendant is an employer pursuant to the FLSA.

27. Defendant had gross revenues of at least $500,000.00 for the 2017 calendar year.

28. Defendant had gross revenues of a least $500,000.00 for the 2018 calendar year.

29. Defendant willfully failed to properly pay all minimum wages earned for hours worked by Plaintiff.

30. Defendant willfully failed to properly pay all minimum wages in a timely fashion.

31. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
### Retaliatory Termination
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

32. Plaintiff incorporates paragraphs 1 through 31 by reference herein.

33. Plaintiff earned minimum wages which Defendant has refused to pay.

34. Plaintiff earned minimum wages which Defendant refused to pay in a timely fashion.

35. Plaintiff complained to Defendant about not being paid for all minimum wages earned.

36. Plaintiff complained to Defendant about not being paid for all minimum wages earned in a timely fashion.

37. Defendant constructively discharged Plaintiff in retaliation for complaining about not being paid minimum wages correctly.

38. Defendant's violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, special and punitive damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count III
### Failure to Pay Wages Correctly
### Pursuant to the Wage Claims Statute, Ind Code §22-2-9 *et. seq.*

39. Plaintiff incorporates paragraphs 1 through 38 by reference herein.

40. Plaintiff was an employee of Defendant pursuant to the Wage Claims Statute.

41. Defendant is an employer pursuant to the Wage Claims Statute.

42. Plaintiff earned regular wages that were not paid in the correct amount when due and owing.

43. Plaintiff earned regular wages that were not paid in a timely fashion.

44. Plaintiff earned regular wages from which illegal deductions were taken resulting in not all of the wages due and owing being paid.

45. Defendant had no good faith reason for paying Plaintiff his all of his wages due and owing.

46. Defendant had no good faith reason for paying Plaintiff his wages due and owing not in a timely fashion.

47. Defendant's violations of the Wage Claims Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count IV
### Failure to Pay Wages Correctly
### Pursuant to the Wage Payment Statute, Ind Code §22-2-5 *et. seq.*

48. Plaintiff incorporates paragraphs 1 through 47 by reference herein.

49. Plaintiff was an employee of Defendant pursuant to the Wage Payment Statute.

50. Defendant is an employer pursuant to the Wage Payment Statute.

51. Plaintiff earned regular wages that were not paid in the correct amount when due and owing.

52. Plaintiff earned regular wages that were not paid in a timely fashion.

53. Plaintiff earned regular wages from which illegal deductions were taken resulting in not all of the wages due and owing being paid.

54. Defendant had no good faith reason for paying Plaintiff his all of his wages due and owing.

55. Defendant had no good faith reason for paying Plaintiff his wages due and owing not in a timely fashion.

56. Defendant's violations of the Wage Payment Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

57. Plaintiff incorporates paragraphs 1 through 56 by reference herein.

58. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
John Weimer

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com